908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph Francis ALEXANDER, Jr., Plaintiff-Appellant,
v.
Howard LYLES, Warden, Maryland State Penitentiary, Defendant-Appellee.
 No. 88-6025.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1990.
Decided: June 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (C/A No. 87-3181-S).
 Ralph Francis Alexander, Jr., appellant pro se.
 John Joseph Curran, Jr., Attorney General, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ralph Alexander appeals the district court's entry of judgment in favor of Warden Lyles in Alexander's 42 U.S.C. Sec. 1983 action alleging that he was denied due process in connection with restrictions placed on his exercise privileges in December 1987. We affirm.
 
 
 2
 The relevant Division of Correction Regulation and corresponding Maryland Penitentiary Directive establish that inmates on segregation, such as Alexander, are to be afforded daily exercise privileges unless security or safety concerns dictate otherwise. DCR 110-6; MPD 110-6(1). These provisions further state that privileges may not be taken for punitive reasons. By prohibiting the taking of privileges as punishment, the provisions place substantive limits on official discretion, arguably creating in inmates confined on segregation a liberty interest in retaining the privileges granted by regulation. See Kentucky Dep't of Corrections v. Thompson, 57 U.S.L.W. 4531 (U.S. May 15, 1989) (No. 87-1815); Hewitt v. Helms, 459 U.S. 460 (1983).
 
 
 3
 Assuming such a liberty interest was created, we find that the administrative remedy procedure provided by the Division of Correction, of which Alexander availed himself, provided due process. See DCR 185-2. Under Hewitt, the only process necessary in such a situation is an informal, nonadversary review of the relevant information, including the inmate's position, within a reasonable time after the restriction. This was afforded to Alexander, and the process in fact culminated in the lifting of the restriction. Under these circumstances, we find that Alexander was afforded due process.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED